## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENIEL ADRIAN MEYLER<br>46th Street, Apartment 5<br>Ocean City, MD 21842 )<br><br>Plaintiff )<br><br>v. )<br><br>TOWN OF OCEAN CITY<br>301 N. Baltimore Avenue (3rd Street)<br>Ocean City, MD 21842 )<br><br>and )<br><br>CORPORAL MATTHEW FOREMAN<br>6501 Coastal Highway<br>Ocean City, MD 21842 )<br><br>and )<br><br>POLICE OFFICER NORRIS<br>6501 Coastal Highway<br>Ocean City, MD 21842 )<br><br>Defendants ) | Case No._____ |

## **COMPLAINT**

Plaintiff, Reniel Adrian Meyler, by and through his attorneys, Fatai A. Suleman, Esq., and the Law Offices of Amity & Suleman, P.A. for cause brings this action against Defendants, Town of Ocean City, Corporal Matthew Foreman and Police Officer Norris and states as follows:

## **THE PARTIES**

1.      Plaintiff, Reniel Adrian Meyler, ("Plaintiff"), is a Black male, adult resident of Ocean City, Maryland.

2.      The first-named Defendant, Town of Ocean City, ("Ocean City"), is a municipality in the State of Maryland.

3.      At all material times relevant hereto, the second-named Defendant, Corporal Matthew Foreman ("Officer Foreman") is a police officer employed by Ocean City.

4.      At all material times relevant hereto, the third-named Defendant, Police Officer Norris ("Officer Norris") is a police officer employed by Ocean City.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the first, fourth and Eight amendments to the Constitution of the United States.

6.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. 1331 and 1343.

7.      Pendent jurisdiction is vested in this Court pursuant to 28 U.S.C. 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. 1391 because the Defendants reside in the State of Maryland and the events giving rise to this claim occurred in Ocean City, Maryland.

## FACTUAL ALLEGATIONS

9.      On July 1, 2022, at about 2:33 a.m., Plaintiff was on 10 Block of Wicomico Street, Ocean City, Maryland ("the scene").

10.     At the same date and time there were several other individuals, not Plaintiff acquaintances, present at the scene of the incident.

11.     At the same date and time, there was music coming from a vehicle on the scene of the incident.

12.     At the same date and time, Officer Foreman was on uniform mounted patrol for the Town of Ocean City on his police horse, named "Moose."

30.    Plaintiff asserts that Plaintiff's arrest by Officers Foreman and Norris lacked probable cause in all respects and was done without any reasonable basis.

31.    Plaintiff further asserts that he was subjected to the illegal arrest because Plaintiff is a black male.

**WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against Defendant Foreman and Norris jointly and severally:

A.    Compensatory damages in the amount of Two Million Dollars ($2,000,000.00);

B.    Punitive damages in the amount of Ten Million Dollars ($10,000,000.00);

C.    Attorney's fees pursuant to 42 U.S.C. § 1988 and costs;

D.    Such other and further relief as this Court may deem appropriate.

## COUNT TWO
### (Violation of Maryland Declaration of Rights)
### (By Plaintiff Against All Defendants)

32.    Plaintiff re alleges and adopts by reference, each and every relevant allegations in Paragraphs 1 through 31 as if the same were set forth herein verbatim and in addition alleges,

33.    At all times  relevant hereto, Officers Foreman and Norris acted under color and pretense of law and under color of statutes, customs and usages of the State of Maryland.

34.    By illegally seizing and detaining Plaintiff without a warrant, Defendants Ocean City, Foreman and Norris deprived Plaintiff of the rights, privileges and immunities guaranteed to Plaintiff under Article 24 and 26 of the Maryland Declaration of Rights.

35.    As a result of Defendants conducts and actions, Plaintiff has suffered damage by being unlawfully held against his will for an extended period of time and has suffered and will continue

to suffer severe emotional anguish, loss of reputation and other damages.

      **WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against

Defendants Town of Ocean City, Foreman and Norris jointly and severally:

A.      Compensatory damages in the amount of Two Million Dollars ($2,000,000.00);

B.      Punitive damages in the amount of Ten Million Dollars ($10,000,000.00);

C.      Attorney's fees pursuant to 42 U.S.C. § 1988 and costs;

D.      Such other and further relief as this Court may deem appropriate.

**COUNT THREE**
**(False Arrest)**
**(By Plaintiff Against All Defendants)**

36.      Plaintiff re alleges and adopts by reference, each and every relevant allegations in

Paragraphs 1 through 35 as if the same were set forth herein verbatim and in addition alleges,

37.      Officers Foreman and Norris arrested Plaintiff without a warrant.

38.      Plaintiff's arrest by Officers Foreman and Norris lacked probable cause and demonstrated

ill will, improper motivation or evil purpose.

39.      As a direct and proximate result of Officers Foreman and Norris's conduct, Plaintiff has

suffered damage and anguish.

      **WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against the

Defendants jointly and severally:

A.  Compensatory damages in the amount of One Million Dollars ($1,000,000.00);

B.  Punitive damages in the amount of Two Million Dollars ($2,000,000.00);

C.  Interest and costs;

6

D. Such other and further relief as this Court may deem appropriate.

## COUNT FOUR
### (False Imprisonment)
### (By Plaintiff Against All Defendants)

40.     Plaintiff re alleges and adopts by reference, each and every relevant allegation in Paragraphs 1 through 39 above as if the same were set forth herein verbatim and in addition alleges,

41.     Officers Foreman and Norris handcuffed Plaintiff and took Plaintiff to jail where Plaintiff was locked up for several hours before Plaintiff was released on bail.

42.     Officers Foreman and Norris lacked legal authority to arrest Plaintiff.

43.     Officers Foreman and Norris actions caused Plaintiff to be unlawfully deprived of his liberty and Plaintiff was detained against his will for several hours.

44.     As a result of the actions by Officers Foreman and Norris, Plaintiff suffered damage by being unlawfully held against his will for an extended period of time.

45.     Defendants actions towards Plaintiff demonstrated actual malice.

**WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against the Defendants jointly and severally:

A. Compensatory damages in the amount of One Million Dollars ($1,000,000.00);

B. Punitive damages in the amount of Two Million Dollars ($2,000,000.00);

C. Interest and costs;

D. Such other and further relief as this Court may deem appropriate.

## COUNT FIVE
### (Assault and Battery)
### (By Plaintiff Against All Defendants)

46. Plaintiff re alleges and adopts by reference, each and every relevant allegations in Paragraphs 1through 45 above as if the same were set forth herein verbatim and in addition alleges,

47. In effecting the unlawful arrest of Plaintiff, Officers Foreman and Norris handcuffed the Plaintiff and placed Plaintiff in a police vehicle by force.

48. Officers Foreman and Norris's conduct constituted intentional touching of Plaintiff by the officers and was undertaken deliberately and with actual malice.

49. As a result of Officers Foreman and Norris's actions, Plaintiff suffered substantial damages, including, but not limited to extreme pain and suffering, injury to his hands, humiliation, mental distress and monetary losses.

**WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against the Defendants jointly and severally:

A. Compensatory damages in the amount of One Million Dollars ($1,000,000.00);

B. Punitive damages in the amount of Two Million Dollars ($2,000,000.00);

C. Interest and costs;

D. Such other and further relief as this Court may deem appropriate.

## COUNT SIX
### (Malicious Prosecution)
### (By Plaintiff Against All Defendants)

50. Plaintiff re alleges and adopts by reference, each and every relevant allegation in Paragraphs1through 49 above as if the same were set forth herein verbatim and in addition

13.     At the same date and time, Officer Norris was on uniform police patrol for the Town of

Ocean City.

14.     Officer Foreman addressed the loud music issue at the scene and the music was turned

down by the individual involved in playing the music.

15.     After the music has been turned down, Officer Foreman alleged that Plaintiff was making

clicking noises at his patrol horse Moose allegedly causing Moose to move and look around.

16.     Officer Foreman then instructed Plaintiff to stop making the clicking noises.

17.     According to officer Foreman, when Plaintiff continued to make the clicking noises,

Officer Foreman asked other police officers on the scene, including Officer Norris, to arrest the

Plaintiff.

18.     Officer Norris then placed Plaintiff in handcuffs which were gauged and double locked.

19.     Plaintiff was taken to the police station where Plaintiff was locked up for hours and

eventually released on bail.

20.     Thereafter, Plaintiff was charged in a criminal case for an alleged failure to obey a lawful

order of a police officer and interfering with a police animal.

21.     On August 3, 2022, the criminal charges against Plaintiff were entered nolle prosequi by

the State.

22.     At all relevant times to this action, Officer Foreman and Officer Norris were employed as

Police officers by Defendant Ocean City.

23.     The above described acts of Officer Foreman and Officer Norris were committed within

the scope of their employment with Defendant Ocean City in that Officer Foreman and Officer

Norris committed them while on duty for Ocean City.

24.     As Officer Foreman and Officer Norris's employers, Ocean City is responsible for all of

the acts committed by Officers Foreman and Norris within the scope of their  employments.

25.     As a result of Officer Foreman and Officer Norris's misconducts hereinbefore described,

Plaintiff was physically injured, experienced humiliation, emotional distress, pain and suffering,

incurred expenses, including legal fees, and was otherwise damaged.

26.     On or about August 5, 2022, pursuant to Courts and Judicial Proceedings, § 5-304,

Plaintiff notified Ocean City of Plaintiff's personal injury claims resulting from this incidents.

Plaintiff's Notice of Claim to Ocean City is attached as Exhibit A.

**COUNT ONE**
**(42 U.S. C. 1983, Deprivation of U.S. Constitutional Rights)**
**(By Plaintiff Against Defendant Foreman and Defendant Norris)**

27.     Plaintiff hereby repeats, re alleges and incorporates by reference, each and every relevant

allegations in Paragraph 1 through 26 above as if same were set forth herein verbatim and in

addition alleges,

28.     That Officers Foreman and Norris engaged in the above-described actions under color of

state authority.

29.     Plaintiff further states that Officers Foreman and Norris's stated conduct deprived

Plaintiff of rights secured to Plaintiff by the Constitution of the United States, including but not

limited to, Plaintiff's first amendment rights to free speech, fourth amendment rights to be free

from unlawful seizure of his person and his eight amendment rights to be free from unjustified

and excessive force and his right to be free from cruel and unusual punishment.

4

alleges,

51.     On or about July 1, 2022, Officer Foreman filed a statement of probable cause against Plaintiff pursuant to which criminal charges of failure to obey lawful order of a police officer and interference with police animal were charged against Plaintiff at the District Court of Maryland for Worcester County.

52.     On August 3, 2022, the criminal charges against Plaintiff were entered nolle prosequi by the State.

53.     Officer Foreman acted with malice and without probable cause in filing the criminal charges against Plaintiff and malice was the primary purpose of Officer Foreman in instituting the criminal proceedings against plaintiff.

54.     As a result of Officers Foreman and Norris's conducts and actions, Plaintiff has suffered and will continue to suffer severe mental anguish, loss of reputation, medical and related expenses.

**WHEREFORE** Plaintiff, Reniel Adrian Meyler, demands the following relief against the Defendants jointly and severally:

A.  Compensatory damages in the amount of One Million Dollars ($1,000,000.00);

B.  Punitive damages in the amount of Two Million Dollars ($2,000,000.00);

C.  Interest and costs;

D.  Such other and further relief as this Court may deem appropriate.

## <u>VERIFICATION</u>

I, Reniel Adrian Meyler, being duly sworn and subject to the penalty for perjury, hereby certify that I am the Plaintiff in the foregoing action. I have read the foregoing complaint and the

facts stated herein and believe same to be true, except those stated to be based on information

and belief. For those facts too, I believe them to be true.

/s/ Reniel Adrian Meyler
RENIEL ADRIAN MEYLER

Respectfully submitted,

/s/ Fatai A. Suleman
Fatai A. Suleman, Esquire (# 14431)
AMITY& SULEMAN, P.A.
7501 Greenway Center Drive, Suite 450
Greenbelt, MD 20770.
Phone: 301-982-3434.
Fax: 301-982-3411
Email: faslaw@ask-lawyers.net

*Plaintiff's Attorney.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENIEL ADRIAN MEYLER<br>46th Street, Apartment 5<br>Ocean City, MD 21842<br><br>    Plaintiff<br><br>    v.<br><br>TOWN OF OCEAN CITY<br>301 N. Baltimore Avenue (3rd Street)<br>Ocean City, MD 21842<br><br>    and<br><br>CORPORAL MATHEW FOREMAN<br>6501 Coastal Highway<br>Ocean City, MD 21842<br><br>    and<br><br>POLICE OFFICER NORRIS<br>6501 Coastal Highway<br>Ocean City, MD 21842<br><br>    Defendants | Case No._____ |

## **REQUEST FOR JURY TRIAL**

Plaintiff, by undersigned counsel, respectfully requests for a jury trial of this action.

Respectfully submitted,
*/s/ Fatai A. Suleman*
Fatai A. Suleman, Esquire (# 14431)
AMITY& SULEMAN, P.A.
7501 Greenway Center Drive, Suite 450
Greenbelt, MD 20770.
Phone: 301-982-3434.
Fax: 301-982-3411
Email: faslaw@ask-lawyers.net
*Plaintiff's Attorney.*

11

# PLAINTIFF'S EXHIBIT A

**AMITY & SULEMAN, P.A.**

(Attorneys and Consultants)

MARYLAND TRADE CENTER III

7501 GREENWAY CENTER DRIVE, SUITE 450

GREENBELT, MARYLAND 20770

TELEPHONE (301) 982 3434

FACSIMILE (301) 982-3411

Email: faslaw@ask-lawyers.net

*N. DAVID ETOKEBE, R.Ph. (MD)*

*FATAI A. SULEMAN (MD, NY & Supreme Court of the United States)*

August 5, 2022

VIA CERTIFIED MAIL NO.

Mr. Richard W. Meehan, Mayor
Town of Ocean City
301 N. Baltimore Avenue (3rd St.)
Ocean City, MD 21842

Re:    Notice of Claim
       Our Client:               Reniel Adrian Meyler
       Cause of Injury:          Unlawful Arrest, Detention, etc.
       Date and Time of Injury:  July 1, 2022
       Location of Incident:     10 Block, Wicomico Street, Ocean City, Maryland
       Your Employees:        Corporal Matthew Foreman, Norris and other Police
                                  Officers

Dear Mr. Meehan:

We are attorneys for Mr. Reniel Adrian Meyler, ("Our Client"), on whose behalf we hereby give you Notice of Claim of personal injury pursuant to the provisions of the Courts and Judicial Proceedings, Section 5-304.

On the above-mentioned date and time, our client was assaulted, subjected to unlawful arrest, detention and malicious prosecution by your employees identified above and our firm has been retained by our client to present a claim for personal injuries arising out of the said incident.

Please note our representation in this matter and direct any correspondence regarding the claim to our law office.

Thanks for your kind attention to this matter.

Very truly yours,

Fatai A. Suleman, Esquire
AMITY & SULEMAN, P.A.