## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENIEL ADRIAN MEYLER | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:23-cv-00082-JKB |
| TOWN OF OCEAN CITY, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ANSWER TO COMPLAINT

NOW COME Defendants, MAYOR AND CITY COUNCIL OF OCEAN CITY (improperly named "Town of Ocean City," a non-entity) ("Ocean City"), CORPORAL MATTHEW FOREMAN ("Corporal Foreman"), and JONATHAN D.  NORRIS ("Officer Norris") (Ocean City, Foreman, and Norris may be referred to collectively herein as "Defendants"), by and through their undersigned counsel, and hereby answer the Complaint of Plaintiff, RENIEL ADRIAN MEYLER, as follows:

### THE PARTIES

1.      Defendants admit that Plaintiff is a Black male. Defendants otherwise lack sufficient knowledge or information to either admit or deny the allegations of paragraph 1, and therefore deny the same.

2.      As to paragraph 2, Defendants admit that the Town of Ocean City (formally known as the "Mayor and City Council of Ocean City") is a municipal government entity within the State of Maryland.

3.     Defendants admit that Corporal Foreman was an Ocean City police officer at the time of Plaintiff's arrest, and that he has been an Ocean City police officer since such arrest. Defendants otherwise deny as to paragraph 3.

4.     Defendants admit that Officer Norris was an Ocean City police officer at the time of Plaintiff's arrest. Defendants otherwise deny as to paragraph 4.

## JURISDICTION AND VENUE

5.     Paragraph 5 asserts legal conclusions to which Defendants are not required to admit or deny. To the extent paragraph 5 includes any factual allegations, such allegations are denied.

6.     Paragraph 6 asserts legal conclusions to which Defendants are not required to admit or deny. To the extent paragraph 6 includes any factual allegations, such allegations are denied.

7.     Paragraph 7 asserts legal conclusions to which Defendants are not required to admit or deny. To the extent paragraph 7 includes any factual allegations, such allegations are denied.

8.     Paragraph 8 asserts legal conclusions to which Defendants are not required to admit or deny. To the extent paragraph 8 includes any factual allegations, such allegations are denied.

## FACTUAL ALLEGATIONS

9.     Defendants admit that on July 1, 2022, at approximately 2:29 a.m., officers from the Ocean City Police Department ("OCPD") responded to a noise disturbance in the area of the 10 block of Wicomico Street, Ocean City, Maryland, where certain individuals including Plaintiff were observed in the vicinity of a parked motor vehicle which was playing loud music.

10.     Defendants admit that there were individuals in addition to the Plaintiff who were in the area of the 10 block of Wicomico Street, Ocean City, Maryland at the date and time of the subject incident. Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 10, and therefore the allegations are denied.

11.     Defendants admit that on July 1, 2022, at approximately 2:29 a.m., officers from the OCPD responded to a noise disturbance in the area of the 10 block of Wicomico Street, Ocean City, Maryland, where certain individuals including Plaintiff were observed in the vicinity of a parked motor vehicle which was playing loud music.

12.     Defendants admit that on July 1, 2022, at the time of the subject events, Corporal Foreman was on uniformed mounted patrol on his police horse, "Moose."

13.     Defendants admit that on July 1, 2022, at the time of the subject events, Officer Norris was on uniformed patrol in the vicinity of the 10 block of Wicomico Street, Ocean City, Maryland in accordance with his duties with the OCPD.

14.     Defendants admit that Corporal Foreman, along with other responding officers, arrived at the scene on the 10 block of Wicomico Street, Ocean City, Maryland and addressed the loud music being played from a vehicle (which could be heard from two blocks away). Defendants aver in further response that once the music was turned down, Corporal Foreman advised the individuals present, including Plaintiff, as to the Ocean City noise ordinance. Defendants otherwise deny as to paragraph 14.

15.     Defendants admit that, once the loud music was addressed and turned down, Plaintiff, who was in physical proximity to Moose and Corporal Foreman, began making clicking and hissing noises toward Moose. Defendants aver in further response that Corporal Foreman advised Plaintiff multiple times to stop interfering with and antagonizing Moose in that way, and that Plaintiff failed to follow that instruction and continued doing so, causing Moose to become agitated, to move, and to look around. Defendants otherwise deny as to paragraph 15.

16.     Defendants admit that, once the loud music was addressed and turned down, Plaintiff, who was in physical proximity to Moose and Corporal Foreman, began making clicking

and hissing noises toward Moose. Defendants aver in further response that Corporal Foreman advised Plaintiff multiple times to stop interfering with and antagonizing Moose in that way, and that Plaintiff failed to follow that instruction and continued doing so, causing Moose to become agitated, to move, and to look around. Defendants otherwise deny as to paragraph 16.

17.     Defendants admit that, once the loud music was addressed and turned down, Plaintiff, who was in physical proximity to Moose and Corporal Foreman, began making clicking and hissing noises toward Moose. Defendants aver in further response that Corporal Foreman advised Plaintiff multiple times to stop interfering with and antagonizing Moose in that way, and that Plaintiff failed to follow that instruction and continued doing so, causing Moose to become agitated, to move, and to look around. Defendants aver in further response that, based on Plaintiff's failure to obey a lawful order and his continuing interference with a police animal (Moose), in a way that could have caused injury to person, property, or to Moose, Plaintiff was placed under arrest and was placed in handcuffs by Officer Norris (at Corporal Foreman's instruction). Defendants otherwise deny as to paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit that Plaintiff was transported to the Ocean City Public Safety Building for processing after Plaintiff was placed under arrest. Defendants aver in further response that Plaintiff arrived at the Public Safety Building at approximately 3:07 a.m. on July 1, 2022, and processing was completed at approximately 4:45 a.m. on that same date. Defendants aver in further response that, after Plaintiff was processed, he was brought for an initial appearance before the District Court Commissioner as soon as practicable, and such initial appearance was conducted and concluded by approximately 7:14 a.m. on July 1, 2022. Defendants aver in further response

that Plaintiff was thereafter released on personal recognizance and without any bail. Defendants otherwise deny as to paragraph 19.

20.     Defendants admit that Plaintiff was charged with the criminal offenses of willfully failing to obey a reasonable and lawful order of a law enforcement officer to prevent a disturbance to the public peace under Md. Code, Criminal Law § 10-201(c)(3), and interfering with a police animal, pursuant to the Code of the Town of Ocean City, Maryland, Article I, Section 6-2. The criminal charges against Plaintiff were brought in Worcester County District Court Case No. D-025-CR-22-000883.  Defendants otherwise deny as to paragraph 20.

21.     Defendants presently lack knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22.     Defendants admit that, at the time of Plaintiff's arrest and the events leading to such arrest, Corporal Foreman and Officer Norris were employed by the Ocean City Police Department, as Ocean City police officers, and were working and acting in that capacity. Defendants otherwise deny as to paragraph 22.

23.      Defendants admit that, at the time of Plaintiff's arrest and the events leading to such arrest, Corporal Foreman and Officer Norris were employed by the Ocean City Police Department, as Ocean City police officers, and were working and acting in that capacity. Defendants otherwise deny as to paragraph 23.

24.     Paragraph 24 contains legal conclusions and/or arguments to which Defendants are not required to respond. To the extent Defendants are required to respond to paragraph 24 or any part thereof, Defendants deny.

25.     Denied.

26.     Defendants admit that Plaintiff has complied with applicable notice requirements under the Courts and Judicial Proceedings Act of the Maryland Code, but otherwise denies as to paragraph 26.

## COUNT ONE
### (42 U.S.C. 1983, Deprivation of U.S. Constitutional Rights)
### (By Plaintiff Against Defendant Foreman and Defendant Norris)

27.     Defendants incorporate their responsive averments as set forth above in paragraphs 1-26 hereof, as if fully restated herein.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

## COUNT TWO
### (Violation of Maryland Declaration of Rights)
### (By Plaintiff Against All Defendants)

32.     Defendants incorporate their responsive averments as set forth above in paragraphs 1-31 hereof, as if fully restated herein.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

## COUNT THREE
### (False Arrest)
### (By Plaintiff Against All Defendants)

36.     Defendants incorporate their responsive averments as set forth above in paragraphs 1-35 hereof, as if fully restated herein.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

## COUNT FOUR
**(False Imprisonment)**
**(By Plaintiff Against All Defendants)**

40.     Defendants incorporate their responsive averments as set forth above in paragraphs

1-39 hereof, as if fully restated herein.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

## COUNT FIVE
**(Assault and Battery)**
**(By Plaintiff Against All Defendants)**

46.     Defendants incorporate their responsive averments as set forth above in paragraphs

1-45 hereof, as if fully restated herein.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

## COUNT SIX
**(Malicious Prosecution)**
**(By Plaintiff Against All Defendants)**

50.     Defendants incorporate their responsive averments as set forth above in paragraphs

1-49 hereof, as if fully restated herein.

51.     Admitted.

52.     Defendants presently lack knowledge or information sufficient to form a belief as to the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

## AFFIRMATIVE AND OTHER DEFENSES AS TO ALL COUNTS

1.     Defendant asserts the defense of assumption of risk.

2.     Defendant asserts the defense of contributory negligence.

3.     Defendant asserts the defense of estoppel.

4.     Defendant asserts the defense of illegality.

5.     Defendant asserts the defense of sovereign immunity.

6.     Defendant asserts the defense of governmental immunity.

7.     Defendant asserts the defense of public official immunity.

8.     Defendant asserts the defense of qualified immunity.

9.     Defendant asserts the defense of statutory immunity.

10.     Defendants assert that the Complaint fails to state a claim upon which relief can be granted.

11.     Defendants assert that they did not commit the wrongs alleged in the Complaint.

12.     Defendants assert that Plaintiff did not suffer any of the damages or injuries alleged in the Complaint.

## RESERVATION AS TO ADDITIONAL DEFENSES

Defendants expressly reserve the right to assert additional defenses based upon information learned or obtained during discovery.

## <u>PRAYER FOR RELIEF AS TO ALL COUNTS</u>

WHEREFORE, Defendants each demand: that judgment be entered in Defendants' favor and against Plaintiff as to all of Plaintiff's claims as set forth in the Complaint; that such claims be dismissed with prejudice, in their entirety; that Plaintiff be denied all of the relief he seeks in this case; that Defendants be awarded costs and expenses, including reasonable attorneys' fees, incurred in this matter; and that Defendants be awarded such other and further relief as this Court deems just and proper.

AYRES, JENKINS, GORDY & ALMAND, P.A.

By:      */s/ Bruce F. Bright*
        Bruce F. Bright (#27236)
        6200 Coastal Hwy., Suite 200
        Ocean City, Maryland 21842
        Tel: 410-723-1400
        Fax: 410-723-1861
        bbright@ajgalaw.com
        *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 9th day of March, 2023, the foregoing Answer to Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Bruce F. Bright*
Bruce F. Bright