**FAS LAW FIRM, LLC**
MARYLAND TRADE CENTER III
7501 GREENWAY CENTER DRIVE, SUITE 230
GREENBELT, MARYLAND 20770
TELEPHONE (301) 982 3434
FACSIMILE (301) 982-3411
Email: faslaw@faslawfirmllc.com

*FATAI A. SULEMAN (MD, NY & Supreme Court of the United States)*

June 8, 2023

**VIA ELECTRONIC MAIL TO: bbright@ajgalaw.com**
Bruce F. Bright, Esq.
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, MD 21842

**Re:    Good Faith Letter to Resolve Discovery Disputes**
          **Reniel Meyler v. Town of Ocean City, et al**
          **Civil No.: 1:23-cv-00082-JKB**

Dear Mr. Bright:

The purpose of this letter is to work out potential discovery disputes without involving the court. After you review this letter, I would like to discuss these items with you in a conference call at your earliest possible convenience. In the alternative, you may mark your responses in the appropriate blanks and email this letter back to me.

A.    **DEFENDANT MCC ANSWERS TO PLAINTIFF'S INTERROGATORIES**

(1)    Defendant MCC's Answer to Interrogatory No. 8:
Plaintiff's Interrogatory No. 8 required Defendant MCC to identify all Ocean City uniformed Police Officers who responded to the scene of Plaintiff's arrest by stating the name, color and national origin of the Police Officers so identified.

Defendant MCC objected to providing the color and national origin information of the uniformed police officers who responded to the to the scene on the ground that the information sought is not relevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff disagrees with Defendant MCC's objections. Plaintiff's claim in this case is that Plaintiff was subjected to illegal arrest because Plaintiff is a black male. Thus, the information requested as to the color of the police officers is very relevant to Plaintiff's claim. Plaintiff is prepared to drop the request for the national origin information of the police officers but request that the information regarding the color of the police officers be provided.

_____WILL SUPPLEMENT          _____ WILL NOT SUPPLEMENT

(2)     Defendant MCC's Answer to Interrogatory No. 17:
This Interrogatory requested Defendant MCC to identify any and all complaints of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have been made against Defendant MCC based on the conduct of any Ocean City Police Department's Police Officers, by stating the name, address and telephone number of each Police Officer complained against, the date of the complaint, the name, address and telephone number of the person who made the complaint and the current status of each complaint.

Defendant MCC objected to providing the information requested on the grounds that it is overly broad. Unlimited in time. Vague and unclear as to what information is being sought. Seeks information that is not relevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff agrees to limit the time duration of the information requested to ten years prior to the date of the incident in this case. The information requested is not vague and is clear as to the information requested. Prior complaints of similar incidents to Plaintiff's complaint in this case are very relevant to Plaintiff's claim and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the information requested for a ten year period prior to the incident in this case.

_____WILL SUPPLEMENT           _____ WILL NOT SUPPLEMENT

(3)     Defendant MCC's Answer to Interrogatory No.18:
This interrogatory requested Defendant MCC to identify all civil suits, and any other judicial or administrative complaint against Defendant for false arrest, false imprisonment, malicious prosecution, battery, assault violations of 42 U.S.C. § 1983 that have been made against Defendant MCC based on the conduct of any Ocean City Police Department's Police Officers, including stating the forum of the case, the basis, and the charge and/or case numbers.

Defendant MCC objected to this interrogatory on the same basis as its objections to interrogatory no. 17.

Plaintiff agrees to limit the information requested to ten years prior to the incident in this case. Plaintiff maintains that the information requested is very relevant and request Defendant MCC to withdraw the objection and provide the information requested for a ten year period prior to the incident herein.

_____WILL SUPPLEMENT           _____ WILL NOT SUPPLEMENT

**B.     DEFENDANT MCC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS:**

(2)     Defendant MCC's Response to Request No. 14:
This Request requested Defendant MCC to produce all documents relating to any complaint of discrimination on the basis of race, color and national origin by any person to Defendant MCC against Defendant Foreman and Defendant Norris.

2

Defendant MCC objected to providing the documents requested on the grounds that it is vague and unclear as to what documents are being sought, over broad and seeks documents that that are irrelevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

The documents requested are not vague and is clear as to the documents requested. Prior complaints of similar incidents to Plaintiff's complaint in this case are very relevant to Plaintiff's claim and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(2)     Defendant MCC's Response to Request No. 15:
This request asks for the complete files relating to Defendant Foreman and Defendant Norris, including but not limited to their personnel file, record pertaining to their duties, salary, promotions, evaluations, discipline and benefits.

Defendant MCC objected to providing the documents requested on the grounds that the Request is vague and unclear as to what documents are being sought, over broad and seeks documents that that are irrelevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff disagrees. The Request is not vague and is clear as to the documents requested. Defendants Foreman and Norris's employment files with MCC are very relevant to Plaintiff's and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(3)     Defendant MCC's Response to Request No. 16:
This Request seeks all documents regarding complaints of discrimination on the basis of race, color and or national origin against Ocean City Police officers by individuals arrested by Ocean City Police Officers, not including Defendant Foreman and Defendant Norris.

Defendant MCC objected to providing the documents requested on the grounds that the Request is vague and unclear as to what documents are being sought, over broad and seeks documents that that are irrelevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff disagrees. The Request is not vague and is clear as to the documents requested. Complaints of discrimination against Ocean City police officers are very relevant to Plaintiff's and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff agrees to limit the time duration to ten years prior to the incident in this case. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(4)     Defendant MCC's Response to Request No. 17:
        This Request required Defendant MCC to produce all documents regarding any claims filed in any state or federal courts against Defendant MCC concerning any discrimination on the basis of race, color and national origin by Ocean City Police officers by individuals arrested by Ocean City Police officers.

        Defendant MCC objected to providing the documents requested on the grounds that the Request is vague and unclear as to what documents are being sought, over broad and seeks documents that that are irrelevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

        The Request is not vague and is clear as to the documents requested. Complaints of discrimination against Ocean City police officers are very relevant to Plaintiff's and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff agrees to limit the time duration to ten years prior to the incident in this case. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(5)     Defendant MCC's Response to Request No. 23:
        Defendant MCC was required to all documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability related to Plaintiff's Complaint in this case.

        While stating that the document sought is irrelevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence, notwithstanding the stated objections, Defendant MCC responded that it does not have any document responsive to the Request.

        Plaintiff disagrees. Defendant MCC in its Answers to Plaintiff's Interrogatory No. 23 provided MCC's insurance information and there must be documents evidencing the coverage. Plaintiff request that the documents be produced.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

C.      **DEFENDANTS FOREMAN AND NORRIS' ANSWERS TO INTERROGATORIES**

(1)     Defendant Foreman and Norris's Answers to Interrogatory No. 1:
        Plaintiff's Interrogatory No. 1 requested for identification information of full name, address, social security number, phone numbers, color, national origin and marital status.

        Defendants objected to providing their color and national origin information on the

grounds that the information sought is not relevant and not reasonably tailored to lead to the discovery of relevant and admissible evidence.

  Plaintiff's claim in this case is that Plaintiff was subjected to illegal arrest because Plaintiff is a black male. Thus, the information requested as to both Defendant's color is very relevant to Plaintiff's claim. Plaintiff is prepared to drop the request for the national origin information but request that the information regarding the color of both Defendants be provided.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(2) Defendant Foreman and Norris's Answers to Interrogatory No. 15:
  Both Defendants were asked to identify any complaint of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have been made against you by stating the date of the complaint, the name, address and telephone number of the person who made the complaint against you and the current status of each complaint.

  Both Defendant objected on the grounds that the interrogatory is irrelevant and not reasonably tailored to lead to discovery of relevant and admissible evidence and that the request is vague and unclear as to what information is being sought.

  The information requested is not vague and very relevant to Plaintiff's claim and Plaintiff requests for the information to be provided.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(3) Defendant Foreman and Norris's Answers to Interrogatory No. 20:
  This interrogatory request for both Defendant's liability insurance. Both Defendant answered by providing MCC's liability insurance information. This interrogatory is asking Defendants Foreman and Norris to provide any relevant liability insurance in their own names, if any.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

(4) Defendants Foreman and Norris' s Answers to Interrogatories Nos. 21, 22, 23 and 24
  Interrogatories Nos. 21, 22, 23 and 24 seek information regarding the financial conditions of both Defendants by requesting the Defendant's bank account information, real property information, personal property information and net worth statement.

  Defendants Foreman and Norris each objected to the interrogatories on the grounds that the interrogatories seek information that is irrelevant and not reasonably calculated to the discovery of relevant and admissible evidence.

  Plaintiff disagrees. Plaintiff seeks punitive damages against Defendants Foreman and Norris in this case. It is well established that when punitive damages are being sought by the

5

plaintiff, pretrial discovery of financial information of the defendant is generally permitted. Plaintiff therefore requests for the information to be provided.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

D.   **DEFENDANT NORRIS'S ANSWER TO INTERROGATORY NO. 10**

Interrogatory No. 10 requested for Defendant Norris to describe in detail the events leading to Plaintiff's arrest. Defendant Norris answered by quoting verbatim the report provided by Defendant Foreman. Defendant Norris's Answer to Interrogatory No. 10 is not responsive and Defendant Norris is required to describe the information requested based on his own knowledge.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

E.   **DEFENDANTS FOREMAN AND NORRIS' RESPONSES TO REQUESTS FOR DOCUMENTS**

(1)   Defendants Foreman and Norris's Responses to Requests. Nos. 10, 11, 12, 13, 14, 15 and 16.

Plaintiff's Requests Nos. 21, 22, 23 and 24 seek information regarding the financial conditions of both Defendants by requesting for the Defendant's tax returns, bank account information, real property information, personal property information, stocks and brokerage account information.

Defendants Foreman and Norris each objected to the Requests on the grounds that the Requests seek information that is irrelevant and not reasonably calculated to the discovery of relevant and admissible evidence.

As stated above with regards to Defendants' objections to providing answers to interrogatories requesting for information of Defendants' financial conditions, these Requests for Documents relating to Defendants' financial conditions are relevant and must be produced by the Defendants.

_____WILL SUPPLEMENT        _____ WILL NOT SUPPLEMENT

I hope we are able to work this out without the court's intervention. I must state however, that you should consider this letter a good faith attempt to resolve discovery disputes in this matter and any issues we are unable to resolve will be submitted to the Court for resolution.

Thank you for your kind attention.

Very truly yours,

*/s/ Fatai A. Suleman_____*
Fatai A. Suleman, Esq.
FAS Law Firm, LLC