Law Offices
**AYRES, JENKINS, GORDY & ALMAND, P.A.**
6200 COASTAL HIGHWAY, SUITE 200
OCEAN CITY, MARYLAND 21842
www.ajgalaw.com
(410) 723-1400
FAX (410) 723-1861

GUY R. AYRES III (1945-2019)
M. DEAN JENKINS
JAMES W. ALMAND
WILLIAM E. ESHAM, III
MARK SPENCER CROPPER
BRUCE F. BRIGHT†
HEATHER E. STANSBURY
MAUREEN F.L. HOWARTH
RYAN D. BODLEY
BRADFORD F. KIRBY
VICTORIA L. O'NEILL
SPENCER A. CROPPER

OF COUNSEL
HAROLD B. GORDY, JR.

†Also admitted in District of Columbia

WRITER'S EMAIL ADDRESS:
sacropper@ajgalaw.com

June 15, 2023

***Via Electronic-Mail (faslaw@ask-lawyers.net)***
Fatai A. Suleman, Esq.
FAS Law Firm, LLC
Maryland Trade Center III
7501 Greenway Center Drive, Suite 230
Greenbelt, Maryland 20770

Re: **Defendants' Response to Plaintiff's Good Faith Letter to Resolve Discovery Disputes**
*Reniel Adrian Meyler v. Town of Ocean City, et al.*
U.S. District Court-District of Maryland
Case No. 1:23-cv-00082-JKB

Dear Mr. Suleman:

This office is in receipt of your good faith letter dated June 8, 2023, in response to same, please see Defendants' responses below:

**Mayor and City Council of Ocean City's Answers to Interrogatories:**

**Interrogatory No. 8**: Identify all Ocean City uniformed Police Officers who responded to the scene of Plaintiff's arrest by stating the name, color and national origin of the Police Officers so identified.

Mayor and City Council of Ocean City's ("MCC") Answer to Interrogatory No. 8: MCC objected or providing the color and national origin on the grounds that the Interrogatory seeks

information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff's Good Faith Response: Plaintiff disagrees with Defendant MCC's objections. Plaintiff's claim in this case is that Plaintiff was subjected to illegal arrest because Plaintiff is a black male. Thus, the information requested as to the color of the police officers is very relevant to Plaintiff's claim. Plaintiff is prepared to drop the request for the national origin information of the police officers but request that the information regarding the color of the police officers be provided.

*MCC's Good Faith Reply:* MCC maintains is objections to this interrogatory. The race and national origin of any officer who arrived on-scene is of no relevance to Plaintiff's arrest. Plaintiff was warned to stop interfering with a police animal. Plaintiff refused to comply and was arrested as a result of same. Subject to, and without waiving the foregoing objections, the following Ocean City Police Officer's and their corresponding race are as follows: 1) Corporal Gutowski - White; 2) Defendant Foreman – White; 3) Defendant Norris – White; 4) PFC Laughlin – White; 5) Sergeant Lotito - White; 6) Officer Widmer – White; 7) Public Safety Officer Ortiz – Hispanic/Latino; and 8) Officer Passearello – White.

**Interrogatory No. 17**: Identify any and all complaints of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have been made against you based on the conduct of any Ocean City Police Department's Police Officers, by stating the name, address and telephone number of each Police Officer complained against, the date of the complaint, the name, address and telephone number of the person who made the complaint and the current status of each complaint.

MCC Answer to Interrogatory No. 17: Objection. Overly broad. Unlimited in time. Vague and unclear as to what information is being sought. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No answer was provided.

Plaintiff's Good Faith Response: Plaintiff agrees to limit the time duration of the information requested to ten years prior to the date of the incident in this case. The information requested is not vague and is clear as to the information requested. Prior complaints of similar incidents to Plaintiff's complaint in this case are very relevant to Plaintiff's claim and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the information requested for a ten year period prior to the incident in this case.

*MCC's Good Faith Reply:* MCC maintains its objections to this interrogatory. Prior complaints of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983, should any exist, are of no relevance to Plaintiff's specific claim against Defendants. MCC will not supplement same.

**Interrogatory No. 18**: Identify all civil suits, and any other judicial or administrative complaint against Defendant for false arrest, false imprisonment, malicious prosecution, battery, assault violations of 42 U.S.C. § 1983 that have been made against you based on the conduct of any Ocean City Police Department's Police Officers, including stating the forum of the case, the basis, and the charge and/or case numbers.

MCC Answer to Interrogatory No. 18: Objection. Overly broad. Unlimited in time. Vague and unclear as to what information is being sought. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No answer was provided.

Plaintiff's Good Faith Response: Plaintiff agrees to limit the information requested to ten years prior to the incident in this case. Plaintiff maintains that the information requested is very relevant and request Defendant MCC to withdraw the objection and provide the information requested for a ten year period prior to the incident herein.

*MCC's Good Faith Reply:* MCC maintains its objections to this interrogatory. Prior civil suits, and any other judicial or administrative complaint against Defendant for false arrest, false imprisonment, malicious prosecution, battery, assault violations of 42 U.S.C. § 1983, should any exist, are of no relevance to Plaintiff's specific claim against Defendants. MCC will not supplement same.

**Mayor and City Council of Ocean City's Response to Plaintiff's Request for Production of Documents**

**Request No. 14:** All documents relating to any complaint of discrimination on the basis of race, color and national origin by any person to you against Defendant Foreman and Defendant Norris.

MCC Response to Request No. 14: MCC objected, asserting the Request is vague and unclear as to what documents are being sought. Overbroad. The Request seeks documents that are irrelevant and is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No documents were produced pursuant to this Request.

Plaintiff's Good Faith Response: The documents requested are not vague and is clear as to the documents requested. Prior complaints of similar incidents to Plaintiff's complaint in this case are very relevant to Plaintiff's claim and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

*MCC's Good Faith Reply:* MCC maintains its objections to this Request. Any complaint of discrimination on the basis of race, color and national origin by any person to MCC against Defendant Foreman and Defendant Norris, should any exist, are of no relevance to Plaintiff's

particular claim against MCC, Defendant Forman, or Defendant Norris. MCC will not supplement same.

**Request No. 15:** The complete files relating to Defendant Foreman and Defendant Norris, including but not limited to their personnel file, record pertaining to their duties, salary, promotions, evaluations, discipline and benefits.

MCC Response to Request No. 15: MCC objected, asserting the Request is vague and unclear as to what documents are being sought. Overbroad. The Request seeks documents that are irrelevant and is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No documents were produced pursuant to this Request.

Plaintiff's Good Faith Response: Plaintiff disagrees. The Request is not vague and is clear as to the documents requested. Defendants Foreman and Norris's employment files with MCC are very relevant to Plaintiff and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

*MCC's Good Faith Reply*: MCC maintains its objections to this Request. The personnel file of Corporal Foreman and Officer Norris are not relevant to Plaintiff's particular claims against same. MCC will not supplement same.

**Request No. 16:** All documents regarding complaints of discrimination on the basis of race, color and or national origin against Ocean City Police officers by individuals arrested by Ocean City Police Officers, not including Defendant Foreman and Defendant Norris.

MCC Response to Request No. 16: MCC objected, asserting the Request is vague and unclear as to what documents are being sought. Overbroad. The Request seeks documents that are irrelevant and is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No documents were produced pursuant to this Request.

Plaintiff's Good Faith Response: Plaintiff disagrees. The Request is not vague and is clear as to the documents requested. Complaints of discrimination against Ocean City police officers are very relevant to Plaintiff's and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff agrees to limit the time duration to ten years prior to the incident in this case. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

*MCC's Good Faith Reply:* MCC maintains its objections to this request. This request is incredibly broad, even if same is limited to ten years prior to the incident. Further, any prior complaints of discrimination on the basis of race, color and or national origin against Ocean City Police officers by individuals arrested by Ocean City Police Officers, if any exist, have no bearing as to the particular instance that is the subject of this litigation. MCC will not supplement same.

**Request No. 17:** All documents regarding any claims filed in any state or federal courts against you concerning any discrimination on the basis of race, color and national origin by Ocean City Police officers by individuals arrested by Ocean City Police officers.

MCC Response to Request No. 17: MCC objected, asserting the Request is vague and unclear as to what documents are being sought. Overbroad. The Request seeks documents that are irrelevant and is not reasonably tailored to lead to the discovery of relevant and admissible evidence. No documents were produced pursuant to this Request.

Plaintiff's Good Faith Response: The Request is not vague and is clear as to the documents requested. Complaints of discrimination against Ocean City police officers are very relevant to Plaintiff's and is reasonably calculated to lead to discovery of relevant and admissible evidence. Plaintiff agrees to limit the time duration to ten years prior to the incident in this case. Plaintiff request for Defendant MCC to withdraw the objection and provide the documents.

*MCC's Good Faith Reply:* MCC maintains its objections to this request. This request is incredibly broad, even if same is limited to ten years prior to the incident. Further, any prior claims filed in any state or federal courts against MCC concerning any discrimination on the basis of race, color and national origin by Ocean City Police officers, if any exist, have no bearing as to the particular instance that is the subject of this litigation. MCC will not supplement same.

**Request No. 23:** All documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability related to Plaintiff's Complaint in this case.

MCC Response to Request No. 23: MCC objected, asserting the Request sought information that is irrelevant and is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Without waiving said objections, MCC stated that it had no documents responsive to this Request.

Plaintiff's Good Faith Response: Plaintiff disagrees. Defendant MCC in its Answers to Plaintiff's Interrogatory No. 23 provided MCC's insurance information and there must be documents evidencing the coverage. Plaintiff request that the documents be produced.

*MCC's Good Faith Reply:* MCC maintains its objections to this request. MCC is self-insured for tort claims up to $250,000.00. Further, all relevant information pertaining to the excess policy that is presumably in question was provided in MCC's Answer to Interrogatory No. 23.

**Defendants Foreman and Norris' Answers to Interrogatories**

**Defendant Foreman and Norris's Interrogatory No. 1:** Plaintiff's Interrogatory No. 1 requested for identification information of full name, address, social security number, phone numbers, color, national origin and marital status.

Defendants Foreman and Norris's Answer to Interrogatory No. 1: Defendants objected to providing their color or national origin on the grounds that and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Defendants did not provide their race or national origin in their answer to same.

Plaintiff's Good Faith Response: Plaintiff's claim in this case is that Plaintiff was subjected to illegal arrest because Plaintiff is a black male. Thus, the information requested as to both Defendant's color is very relevant to Plaintiff's claim. Plaintiff is prepared to drop the request for the national origin information but request that the information regarding the color of both Defendants be provided.

*Defendants Foreman and Norris' Good Faith Reply:* Defendants Foreman and Norris maintain their objections to this interrogatory. Plaintiff's claim is based solely around the question of whether his arrest was lawful. The race or national origin of Defendants Foreman and Norris have no relevance to that question and Plaintiff's bald allegations otherwise simply do not make it so. Subject to, and without waiving the foregoing objections, see MCC's Answer to Interrogatory No. 8 above.

**Defendant Foreman and Norris's Interrogatory No. 15:** Identify any complaint of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have been made against you by stating the date of the complaint, the name, address and telephone number of the person who made the complaint against you and the current status of each complaint.

Defendants Foreman and Norris's Answer to Interrogatory No. 15: Defendants objected, asserting that the interrogatory seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Further, the request is vague and unclear as to what information is being sought. No answer was provided as to same.

Plaintiff's Good Faith Response: The information requested is not vague and very relevant to Plaintiff's claim and Plaintiff requests for the information to be provided.

*Defendants Foreman and Norris' Good Faith Reply:* Defendants Foreman and Norris maintain their objections to this interrogatory. Prior complaints of false arrest, false imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983, should any exist, are of no relevance to Plaintiff's specific claim against Defendants. Defendants will not supplement same.

**Defendant Foreman and Norris's Interrogatory No. 20:** If any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person

might be liable, and describe any question or challenge raised by the person relating to coverage for this action.

Defendants Foreman and Norris's Answer to Interrogatory No. 20: Defendants objected, asserting that the interrogatory seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Improperly seeks legal conclusions as to indemnification obligations of the Town of Ocean City, as to liabilities of its police officers named in this action.

Plaintiff's Good Faith Response: This interrogatory request for both Defendant's liability insurance. Both Defendant answered by providing MCC's liability insurance information. This interrogatory is asking Defendants Foreman and Norris to provide any relevant liability insurance in their own names, if any.

*Defendants Foreman and Norris' Good Faith Reply:* Defendants Foreman and Norris maintain their objections to this interrogatory and will not supplement same for the reasons already stated above.

**Defendant Foreman and Norris's Interrogatory No's. 21, 22, 23, & 24:** The following interrogatories all seek information regarding the financial conditions of Defendants Foreman and Norris by requesting bank account information, real property information, personal property information, and net worth statements.

Defendants Foreman and Norris's Answer to Interrogatory No. 21-24: Defendants Forman and Norris objected, as the interrogatories sought information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

Plaintiff's Good Faith Response: Plaintiff disagrees. Plaintiff seeks punitive damages against Defendants Foreman and Norris in this case. It is well established that when punitive damages are being sought by the plaintiff, pretrial discovery of financial information of the defendant is generally permitted. Plaintiff therefore requests for the information to be provided.

*Defendants Foreman and Norris' Good Faith Reply:* Defendants Foreman and Norris maintain their objections to these interrogatories and will not supplement same. See also Defendants Foreman and Norris's answers and objections to Interrogatory No. 20 stated above.

**Defendants Norris' Answers to Interrogatories**

**Defendant Norris' Interrogatory No. 10**: Please describe in detail the events leading to Plaintiff's arrest forming the basis of this action.

Defendant Norris's Answer to Interrogatory No. 10: The following narrative is set forth in the report prepared by Corporal Foreman:

On July 1, 2022 at approximately 2:33 am. I, Corporal Matthew Foreman was on uniform mounted patrol on my police horse, "Moose" in the area of the 10 block of Wicomico Street Ocean City, Worcester County, Maryland. I noticed loud music coming from a vehicle that was parked in the 10 block of Wicomico Street.

This music could be heard from over 2 blocks away. I approached the vehicle and addressed the music. Once the music was turned down, I spoke with the individuals around the vehicle and advised them of the noise ordinance. One of the individuals (later identified as Reniel Adrian Meyler D.O.B. 02/16/1991 while in Booking at the Ocean City Police Public Safety Building) started to make clicking and hissing noises at Moose. I advised Meyler to stop interfering/antagonizing my police horse, Moose.

Meyler continued to make clicking noises at Moose. Moose started to move and look around due to the distraction. Mounted officers use these types of cues to communicate with their horses. Different types of clicks and kissing sounds are used for many different commands. They can be used to make the horse move forwards, backwards, and side-to-side. They are also used to get the horses attention, so that they are on the look-out for obsticles that they may need to maneuver around or over, (Steps, curbs, wholes, debris).

I advised Meyler multiple times to stop making those noises. Moose continued to move and look around. Meyler looked at Moose, smirked and started to make the clicking noise. I was in close proximity of Meyler and a vehicle. Meyler's actions could have caused Moose to injure him or damage property. I advised officers on scene to place Meyler under arrest. Officer Norris placed Meyler in handcuffs which were gauged and double locked. I placed Meyler under arrest for failing to obey a lawful order and interfering with a police animal. Officer Widmer transported Meyler to the Ocean City Public Safety Building for processing.

All of the above events occurred in Ocean City, Worcester County, Maryland.

In further response, Defendant refers Plaintiff to the videos being produced herewith.

Plaintiff's Good Faith Response: Interrogatory No. 10 requested for Defendant Norris to describe in detail the events leading to Plaintiff's arrest. Defendant Norris answered by quoting verbatim the report provided by Defendant Foreman. Defendant Norris's Answer to Interrogatory No. 10 is not responsive and Defendant Norris is required to describe the information requested based on his own knowledge.

*Defendant Norris' Good Faith Reply:* Defendant Norris thoroughly answered Plaintiff's interrogatory based upon his knowledge and understanding of same. The fact that Defendant Norris's response is consistent with that of Defendant Foreman is of no consequence. Defendant Norris will not supplement same.

**Defendants Foreman and Norris' Response to Request for Production of Documents**

**Defendants Foreman and Norris's Request No's. 10, 11, 12, 13, 14, 15 & 16**: These requests seek the financial conditions of both Defendants by requesting for the Defendant's tax returns,

bank account information, real property information, personal property information, stocks and brokerage account information.

Defendants Foreman and Norris's Response to Request No's. 10, 11, 12, 13, 14, 15 & 16:

Defendants objected to each request on the grounds that they seek information that is irrelevant and not reasonably calculated to the discovery of relevant and admissible evidence. No documentation was produced regarding same.

Plaintiff's Good Faith Response: As stated above with regards to Defendants' objections to providing answers to interrogatories requesting for information of Defendants' financial conditions, these Requests for Documents relating to Defendants' financial conditions are relevant and must be produced by the Defendants.

*Defendants Forman and Norris' Good Faith Reply:* Defendants maintain their objections to the subject requests. Further, the requests improperly seek legal conclusions as to indemnification obligations of the Town of Ocean City, as to liabilities of its police officers named in this action. Defendants will not supplement same.

This letter is being submitted to you in compliance with Federal Local Rules 104(7) and 104(8)(a) as a means to informally resolve this discovery dispute between the parties. If you wish to discuss this matter, please feel free to call my office. Thank you.

Very truly yours,

/s/ Spencer A. Cropper

Spencer A. Cropper