## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

RENIEL ADRIAN MEYLER     *

        Plaintiff     *

v.     *     CASE NO. 1:23-cv-00082-JKB

TOWN OF OCEAN CITY, et al.     *

        Defendants     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT MAYOR AND CITY COUNCIL OF OCEAN CITY'S OBJECTIONS AND/OR ANSWERS TO PLAINTIFF'S INTERROGATORIES

TO:       Plaintiff, RENIEL ADRIAN MEYLER

FROM:     Defendant, MAYOR AND CITY COUNCIL OF OCEAN CITY
                (improperly named "Town of Ocean City," a non-entity)

NOW COMES, Defendant, MAYOR AND CITY COUNCIL OF OCEAN CITY (improperly named "Town of Ocean City," a non-entity) ("Ocean City"), by and through its attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and in response to the Interrogatories propounded upon Defendant by Plaintiff, states as follows:

### GENERAL RESERVATION

Discovery in this case has only recently begun and is ongoing. Defendant reserves the right to supplement these answers as discovery and further development of the evidentiary record proceeds.

### GENERAL OBJECTIONS

Defendant makes the following General Objections to the interrogatories and/or document requests below and incorporates them into its response to each and every interrogatory and/or request,

1



whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific interrogatory and/or request does not waive any of these General Objections or Objections to Definitions and Instructions as to that or any other interrogatory and/or request. Defendant's failure to object to a specific interrogatory and/or request on a particular ground shall not be construed as a waiver of its right to object on that or any other ground.

1. Defendant objects to the interrogatories and/or requests to the extent they seek to impose on Defendant obligations greater than or different from those set forth in the Federal Rules of Civil Procedure, as well as other applicable statutory provisions, rules and case law (the "Applicable Rules"). As more specifically set forth herein, Defendant responds to the interrogatories and/or requests based on its obligations under the Applicable Rules.

2. Defendant objects to the interrogatories and/or requests to the extent that they seek production of "all" documents or "all" communications on the grounds that: (a) it is impractical and unduly burdensome to attempt to collect, review, and produce "all" such documents; and (b) Defendant cannot ensure that it has located every document or communication in response to a particular interrogatory or request. Defendant will produce responsive, non-privileged documents, if any, collected and reviewed pursuant to reasonable discovery parameters that Defendant will utilize for the collection and review of documents (including sources, document custodians, search criteria, date ranges, metadata, collection of electronically stored information, and deduplication) (the discovery parameters so utilized, the "Discovery Parameters"). Defendant is prepared to meet and confer with Plaintiff regarding any potential issues arising under the Discovery Parameters.

3. Defendant objects to the interrogatories and/or requests to the extent that they call for the disclosure of information that is privileged or otherwise protected from discovery on any

ground, including, but not limited to, the attorney-client privilege, work-product immunity, business strategy immunity, spousal privilege, and any other recognized privileges, immunities, protections, or exceptions (collectively, "Privileged Information"). Any response herein to the effect that Defendant will produce "non-privileged Documents or Communications" (or similar phrasing) means that Defendant will produce the specified documents to the extent that they do not contain Privileged Information. Defendant does not intend to produce Privileged Information, and any inadvertent disclosure of documents or information containing Privileged Information shall not be deemed, nor is it intended, to constitute a waiver of the attorney-client privilege, work-product immunity, business strategy immunity, or any other applicable privilege, immunity, protection, or exception.

4.    Defendant objects to the interrogatories and/or requests to the extent that they seek confidential, sensitive, and/or proprietary information or documents, including information or documents subject to confidentiality agreements with third parties, the disclosure of which could be detrimental to the interests of Defendant and/or third parties.

5.    Defendant objects to the interrogatories and/or requests to the extent that they purport to impose an obligation on Defendant to produce documents that are not in its possession, custody, or control. To the extent Defendant agrees to produce documents in response to an interrogatory and/or request, Defendant will produce only documents within their possession, custody or control.

6.    Defendant objects to the interrogatories and/or requests insofar as they incorporate purported facts. Nothing in these Objections and Responses shall be deemed, nor is it intended, to mean that Defendant adopts, acquiesces in, or otherwise accepts the way in which the interrogatories and/or requests describe or characterize the facts, circumstances, subject matter, or

events discussed. While Defendant may use certain of the interrogatories and/or requests defined terms in their responses, such usage is solely for convenience and does not constitute an endorsement of or agreement to any purported facts stated or implied by the defined terms.

7.     Defendant objects to the interrogatories and/or requests insofar as they require Defendants to form a legal conclusion to provide a response.

8.     Any statement by Defendant that it will produce documents in response to an interrogatory and/or request is not to be construed as an admission that any document exists within any requested category or categories and is in the possession, custody, or control of Defendant, but solely a statement that Defendant will produce (subject to and consistent with the General Objections and the Specific Objections set forth herein) non-privileged, responsive documents within their possession, custody, or control, should such documents exist, that Defendant identifies based on a reasonable search pursuant to the Discovery Parameters.

9.     The responses set forth below are based upon information presently known to Defendant, who reserves the right at any time to supplement, amend, revise, correct, and/or clarify these Objections and Responses.  Moreover, should Defendant at any time supplement or amend his or its responses to these interrogatories and/or requests, by agreement or otherwise, Defendant expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

10.     Nothing in these Objections or Responses is intended as a waiver or limitation of Defendant's right to object, on any grounds and in any proceeding, to the use of any information or documents produced in response to or referred to in these Objections and Responses.

11.     Unless otherwise specified in the General Objections, Defendant does not intend to withhold documents responsive to any interrogatory and/or request on the basis of any General

Objection unless and except to the extent otherwise set forth in the Specific Objections to that interrogatory and/or request. Defendant is willing to meet and confer about any of its General Objections and Specific Objections to any Request.

<u>**SPECIFIC OBJECTIONS AND ANSWERS**</u>

**INTERROGATORY NO. 1:** State the full name, address, and job title, of the person answering and assisting in answering these Interrogatories on behalf of Defendant.

**OBJECTION:** None.

**ANSWER:** Lt. Frank Soscia, Office of Professional Standards, c/o Ocean City Police Department, 6501 Coastal Highway, Ocean City, Maryland, 21842.

**INTERROGATORY NO. 2:** Prior to answering these interrogatories, have you made due and diligent searches of Defendant's books, records, and papers and due and diligent inquiry of the agents and employees of the Defendant?

**OBJECTION:** Objection, to the extent this Interrogatory improperly seeks to invade attorney-client privileged communications.

**ANSWER:** Subject to and without waiving the forgoing objection(s), Defendant states as follows: I have conducted an appropriate search of Department records, at the direction of legal counsel, and have provided responsive records to counsel.

**INTERROGATORY NO. 3:** If you answered the preceding question in the affirmative, please identify all Defendant's books, records and papers you searched and Defendant's agents and employees to whom you made your inquiries.

**OBJECTION:** Objection, to the extent this Interrogatory improperly seeks to invade attorney-client privileged communications.

**ANSWER:** Subject to and without waiving the forgoing objection(s), Defendant states as follows: I have conducted an appropriate search of Department records, at the direction of legal counsel, and have provided responsive records to counsel.

**INTERROGATORY NO. 4:**       Identify all the people you have contacted or from whom

you have either obtained or requested a statement, regarding the allegations of the complaint in

this case by stating the name, address and last known work, home and mobile phone numbers.

**OBJECTION:**       None.

**ANSWER:**   None.

**INTERROGATORY NO. 5:**       Identify each person likely to have discoverable

information that you may use to support your defenses and with respect to each person, identify

in detail the discoverable information he or she possesses.

**OBJECTION:**       Objection. Vague and unclear as to what you mean by "discoverable."

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as
follows: a) Former OCPD Officer Norris; b) Corporal Foreman; c) Plaintiff; d) other OCPD
Officers present at time of arrest, as identified in the Incident Report being produced herewith; e)
OCPD Booking Officer, as identified in the Booking Report produced herewith; f) other non-
police witnesses at the scene of the underlying events in Ocean City. All of the foregoing persons
have knowledge as to one or more of the following: the events leading to the arrest; interactions
between Plaintiff and OCPD officers; Plaintiff's arrest and booking.

**INTERROGATORY NO. 6:**       Identify all equipment issued by Ocean City Police

Department to its police officers on police patrol.

**OBJECTION:**       Objection. Vague and unclear as to what information is being sought, in
particular as to what is meant by "equipment." Overly broad in that it is unlimited as to time and
as to particular officers. Seeks information that is not relevant, and it is not reasonably tailored to
lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 7:**       Please describe the qualifications required to be hired as a

mounted Police Officer by the Ocean City Police Department.

**OBJECTION:**       Objection. Overly broad in that it is unlimited as to time.  Seeks
information that is not relevant, and it is not reasonably tailored to lead to the discovery of
relevant and admissible evidence.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as
follows: See General Order 400 C-2, Mounted Patrol Unit. See also Special Order 286-21,
Expression of Interest – Mounted Patrol Officer.

**INTERROGATORY NO. 8:** Identify all Ocean City uniformed Police Officers who responded to the scene of Plaintiff's arrest by stating the name, color and national origin of the Police Officers so identified.

**OBJECTION:** As to color and national origin, the Interrogatory seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:** Subject to and without waiving the forgoing objection(s), Defendant states as follows: 1) Corporal Matthew Foreman; 2) Police Officer Jonathan Norris; 3) Sergeant Joseph Lotito; 4) Corporal Rick Gutowski; 5) Police Officer First Class Joseph Laughlin; 6) Police Officer Jared Widmer; 7) Police Officer Timothy Passearello; and 8) Public Safety Aid Andrew Ortiz

**INTERROGATORY NO. 9:** With regard to the Police Officers identified in Interrogatory No. 8 above, please provide their employment histories by stating (a) the date of hire, (b) rank at time of hire, (c) rank at the time of Plaintiff's arrest, (d) current rank, (e) and if currently employed by the Defendant.

**OBJECTION:** Objection. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:** Subject to and without waiving the forgoing objection(s), Defendant states as follows:
1. Corporal Matthew Foreman:
   a. Date of hire – 1/10/2005
   b. Rank at the time of hire – Police Officer
   c. Rank at the time of the incident – Corporal
   d. Current rank – Corporal
   e. Still employed by the OCPD
2. Police Officer Jonathan Norris:
   a. Date of hire – 5/9/2022
   b. Rank at the time of hire – Police Officer
   c. Rank at the time of the incident – Police Officer
   d. Current Rank – N/A
   e. No longer employed by the OCPD (his position was seasonal)
3. Sergeant Joseph Lotito:
   a. Date of hire – 6/3/2002
   b. Rank at the time of hire – Police Officer
   c. Rank at the time of the incident – Sergeant

       d. Current Rank – Sergeant
       e. Still employed by the OCPD
4. Corporal Rick Gutowski:
       a. Date of hire – 2/25/2010
       b. Rank at the time of hire – Police Officer
       c. Rank at the time of the incident – Corporal
       d. Current Rank – Corporal
       e. Still employed by the OCPD
5. Police Officer First Class Joseph Laughlin:
       a. Date of hire – 1/7/2013
       b. Rank at the time of hire – Police Officer
       c. Rank at the time of the incident – Police Officer First Class
       d. Current Rank – Police Officer First Class
       e. Still employed by the OCPD
6. Police Officer Jared Widmer:
       a. Date of hire – 4/30/2022
       b. Rank at the time of hire – Police Officer
       c. Rank at the time of the incident – Police Officer
       d. Current Rank – N/A
       e. No longer employed by the OCPD (his position was seasonal)
7. Police Officer Timothy Passearello:
       a. Date of hire – 4/30/2022
       b. Rank at the time of hire – Public Safety Aid
       c. Rank at the time of the incident – Public Safety Aid
       d. Current Rank – N/A
       e. No longer employed by the OCPD (his position was seasonal)
8. Public Safety Officer Andrew Ortiz:
       a. Date of hire – 5/18/2022
       b. Rank at the time of hire – Public Safety Aid
       c. Rank at the time of the incident – Public Safety Aid
       d. Current Rank – N/A
       e. No longer employed by the OCPD (his position was seasonal)

**INTERROGATORY NO. 10:**     Apart from the Plaintiff and the Ocean City Police Officers who responded to the scene of Plaintiff's arrest, please identify all other individuals present at the scene of the arrest.

**OBJECTION:**     None

**ANSWER:**     There were other witnesses at the scene, however, none were identified.

**INTERROGATORY NO. 11:**     Please state if the Ocean City Police Department has any

policy and program prohibiting discrimination on the basis of race, color and national origin and

identify all documents containing the anti-discrimination policy or program, if any.

**OBJECTION:**     Objection. Overly broad. Unlimited in time. Seeks information that is not
relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible
evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as
follows: See: 1) Chapters 1.5 and 1.6 of the Town of Ocean City Employee Handbook; 2)
General Order 200 H-1, Workplace Related Harassment and Discrimination; 3) General Order
200 A-1 Ethics in Law Enforcement; 4) General Order 200 H-2, Bias Based Profiling; 5) General
Order 200 B-1, General Conduct & Compliance with Rules and Regulations; and 6) Standard
Operating Procedure 021.

**INTERROGATORY NO. 12:**     Does the Ocean City Police Department have any

mandatory anti-discriminatory training on the basis of race, color and national origin for its

Police Officers? If, so, please describe in detail any such training and identify all documents

evidencing the same.

**OBJECTION:**     Objection. Overly broad. Unlimited in time. Seeks information that is not
relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible
evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as
follows: The Ocean City Police Department conducts numerous trainings for its officers. Some
trainings are mandated by the State of Maryland, while others are conducted by the Ocean City
Police Department at their own volition to keep its officers current and practiced on the matter
that is the subject of that training. In any event, all trainings completed by any officer are
mandatory for that officer. Said trainings include: 1) Cultural Awareness and Diversity
Overview; 2) Anti-Bias Training for Law Enforcement; 3) Victimology – Hate Crimes, Bias and
& Delinquent Acts; 4) Challenging our Implicit Bias; 5) Constitutional Law Review; 6)
Constitutional Issues in Law Enforcement. See also the policies set forth in Defendant's Answer
to Interrogatory No. 11, as said policies detail the minimal parameters upon which said trainings
cover. Further, when Ocean City police officers attend the police academy at the outset of their
employment with same, they are subject to additional anti-discriminatory training as well as
training in constitutional law.

**INTERROGATORY NO. 13:**     Apart from anti-discrimination training, does the Ocean

City Police Department provide its police officers any training on constitutional and legal rights

of the members of the public?

**OBJECTION:**     Objection. Overly broad. Unlimited in time. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: See Defendant's Answers to Interrogatory No. 11 and 12.

**INTERROGATORY NO. 14:**     If you answer the preceding Interrogatory in the

affirmative, please describe in detail any and all such training and identify all documents

evidencing the training.

**OBJECTION:**     Objection. Overly broad. Unlimited in time. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: See Defendant's Answers to Interrogatories No. 11 and 12.

**INTERROGATORY NO. 15:**     Please describe fully all instructions given by the Ocean

City Police Department to its officers concerning how to handle arrests without warrants

including (a) whether such instructions are oral or written, (b) the substance of the instructions

and (c) identify the person(s) giving the instructions.

**OBJECTION:**     Objection. Overly broad. Unlimited in time. Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: See Order No. 600 A-1, Warrantless Arrests. Instructions provided by the Ocean City Police Department to its officers align with the contents of said Order as well as any other applicable state and federal laws.

**INTERROGATORY NO. 16:**         Explain in detail Ocean City Police Department's

procedure for complaints received from members of the public against its police officers for any

alleged police misconduct.

**OBJECTION:**         Objection. Overly broad. Unlimited in time. Seeks information that is not
relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible
evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as
follows: See Chief of Police Memorandum 009-22, Disciplinary Process.

**INTERROGATORY NO. 17:**         Identify any and all complaints of false arrest, false

imprisonment, malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have

been made against you based on the conduct of any Ocean City Police Department's Police

Officers, by stating the name, address and telephone number of each Police Officer complained

against, the date of the complaint, the name, address and telephone number of the person who

made the complaint and the current status of each complaint.

**OBJECTION:**         Objection. Overly broad. Unlimited in time. Vague and unclear as to what
information is being sought. Seeks information that is not relevant, and it is not reasonably
tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 18:**         Identify all civil suits, and any other judicial or

administrative complaint against Defendant for false arrest, false imprisonment, malicious

prosecution, battery, assault violations of 42 U.S.C. § 1983 that have been made against you

based on the conduct of any Ocean City Police Department's Police Officers, including stating

the forum of the case, the basis, and the charge and/or case numbers.

**OBJECTION:**         Objection. Overly broad. Unlimited in time. Vague and unclear as to what
information is being sought. Seeks information that is not relevant, and it is not reasonably
tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 19:** State whether you received a complaint from Plaintiff about the incident forming the basis of Plaintiff's complaint. If your answer to the preceding interrogatory is in the affirmative, state whether you investigated Plaintiff's complaint prior to Plaintiff's filing this case in court and identify all personnel involved in the investigation, if any.

**OBJECTION:** None.

**ANSWER:** Plaintiff's legal counsel provided a notice of his purported claim in order to comply with the Local Government Tort Claims Act. Plaintiff's counsel subsequently filed suit.

**INTERROGATORY NO. 20:** Please state in detail all the defenses claimed by you in this case including (a) the substance of each such defense and (b) all facts in support of such contention.

**OBJECTION:** Improperly seeks legal arguments, contentions, or conclusions.

**ANSWER:** Subject to and without waiving the foregoing objection(s), Defendant states as follows: See Defendants' Answer for pleaded affirmative and other defenses. In further response, Defendant states that Defendants did not commit any of the wrongs alleged by Plaintiff. In further response, Defendant refers Plaintiff to the following as the factual basis for its defenses:

Corporal Foreman reported as follows in his written Incident Report, a copy of which is being produced:

On July 1, 2022 at approximately 2:33 am. I, Corporal Matthew Foreman was on uniform mounted patrol on my police horse, "Moose" in the area of the 10 block of Wicomico Street Ocean City, Worcester County, Maryland. I noticed loud music coming from a vehicle that was parked in the 10 block of Wicomico Street.

This music could be heard from over 2 blocks away. I approached the vehicle and addressed the music. Once the music was turned down, I spoke with the individuals around the vehicle and advised them of the noise ordinance. One of the individuals (later identified as Reniel Adrian Meyler D.O.B. 02/16/1991 while in Booking at the Ocean City Police Public Safety Building) started to make clicking and hissing noises at Moose. I advised Meyler to stop interfering/antagonizing my police horse, Moose.

Meyler continued to make clicking noises at Moose. Moose started to move and look around due to the distraction. Mounted officers use these types of cues to communicate with their horses. Different types of clicks and kissing sounds are used for many different commands. They can be used to make the horse move forwards, backwards, and side-to-side. They are also used to get the horses attention, so that they are on the look-out for obsticles that they may need to maneuver around or over, (Steps, curbs, wholes, debris).

I advised Meyler multiple times to stop making those noises. Moose continued to move and look around. Meyler looked at Moose, smirked and started to make the clicking noise. I was

in close proximity of Meyler and a vehicle. Meyler's actions could have caused Moose to injure him or damage property. I advised officers on scene to place Meyler under arrest. Officer Norris placed Meyler in handcuffs which were gauged and double locked. I placed Meyler under arrest for failing to obey a lawful order and interfering with a police animal. Officer Widmer transported Meyler to the Ocean City Public Safety Building for processing.

All of the above events occurred in Ocean City, Worcester County, Maryland.

Defendant states in further response that the arrest of Plaintiff was proper under the circumstances and supported by probable cause.

In further response, Defendant refers Plaintiff to the videos being produced herewith.

**INTERROGATORY NO. 22:**    Regarding the prior action which Plaintiff alleges to have been maliciously prosecuted, please describe your participation in the prosecution.

**OBJECTION:**    Vague and unclear as to what information is being sought, in particular, what Plaintiff means by Defendant Ocean City's "participation in the prosecution."

**ANSWER:**    Subject to and without waiving the foregoing objection(s), Defendant states as follows: Corporal Foreman was the complainant and the arresting officer. Former Officer Norris placed Plaintiff into handcuffs at the scene of the arrest and otherwise assisted. Plaintiff was booked at OCPD headquarters and was prosecuted by the Worcester County State's Attorney's Office.

**INTERROGATORY NO. 23:**    Please identify all insurance you have to cover any judgment that may be obtained against you in this action.

**OBJECTION:**    Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Improperly seeks legal conclusions as to indemnification obligations of the Town of Ocean City, in regard to liabilities of its police officers named in this action.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows: Defendant Ocean City is self-insured for tort claims up to a $250,000.00 limit. Ocean City has excess coverage above that threshold. The excess carrier is States Self-Insurance Risk Retention Group, 222 S. 9th Street #2700, Minneapolis, MN 554042.

**INTERROGATORY NO. 24:**    Identify all individuals you intend to call as a witness in this action, stating the scope of their intended testimony.

**OBJECTION:**    Improperly seeks trial strategies of counsel.

**ANSWER:** Subject to and without waiving the foregoing objection(s), Defendant states as follows: Defendant reserves the right to call the following witnesses at trial: 1) Corporal Foreman; 2) Former Officer Norris; 3) Lt. Frank Soscia, OCPD Office of Professional Standards; 4) Other OCPD personnel identified in the Booking Report and/or Incident Report; 5) Plaintiff; 6) other persons present at the scene of the arrest; and 7) expert witness(es) to be identified and designated at a later date, in conformance with the schedule in this case.

**INTERROGATORY NO. 25:** With reference to each person whom Defendant expects to call as an expert witness, please state:

(a) The expert's name, address and occupation;

(b) The subject matter on which the expert is expected to testify;

(c) The substance of all facts and opinions to which the expert is expected to testify;

(d) A summary of the grounds for each such opinion of the expert.

**OBJECTION:** None.

**ANSWER:** Defendants' expert witness(es) will be identified and designated, and disclosure of their opinions made, at a later date in conformance with the schedule in this case.

AYRES, JENKINS, GORDY & ALMAND, P.A.

By: _____*/s/ Bruce F. Bright*_____
Bruce F. Bright (#27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com
*Attorneys for Defendants*

I DO SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY THAT THE ANSWERS TO THE FOREGOING INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

MAYOR AND CITY COUNCIL OF OCEAN CITY

By: _____
Printed Name: _Frank Soscia_

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of June, 2023, a copy of the foregoing

Defendant Mayor and City Council of Ocean City's Objections and/or Answers to Plaintiff's

Interrogatories was served via e-mail and first class mail, postage prepaid, on: Fatai A. Suleman,

Esq., FAS Law Firm, LLC, 7501 Greenway Center Drive, Suite 230, Greenbelt, Maryland,

20770.

_____/s/ Bruce F. Bright_____
Bruce F. Bright
