## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENIEL ADRIAN MEYLER | * | |
| Plaintiff | * | |
| v. | * | CASE NO. 1:23-cv-00082-JKB |
| TOWN OF OCEAN CITY, et al. | * | |
| Defendants | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### DEFENDANT CORPORAL MATTHEW FOREMAN'S
### OBJECTIONS AND/OR ANSWERS TO
### PLAINTIFF'S INTERROGATORIES

TO:          Plaintiff, RENIEL ADRIAN MEYLER

FROM:     Defendant, CORPORAL MATTHEW FOREMAN

NOW COMES, Defendant, CORPORAL MATTHEW FOREMAN ("Corporal

Foreman"), by and through his attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand,

P.A., and in response to the Interrogatories propounded upon Defendant by Plaintiff, states as

follows:

### GENERAL RESERVATION

Discovery in this case has only recently begun and is ongoing. Defendant reserves the right

to supplement these answers as discovery and further development of the evidentiary record

proceeds.

### GENERAL OBJECTIONS

Defendant makes the following General Objections to the interrogatories and/or document

requests below and incorporates them into its response to each and every interrogatory and/or request,

1



EXHIBIT
B

whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific interrogatory and/or request does not waive any of these General Objections or Objections to Definitions and Instructions as to that or any other interrogatory and/or request. Defendant's failure to object to a specific interrogatory and/or request on a particular ground shall not be construed as a waiver of its right to object on that or any other ground.

1.     Defendant objects to the interrogatories and/or requests to the extent they seek to impose on Defendant obligations greater than or different from those set forth in the Federal Rules of Civil Procedure, as well as other applicable statutory provisions, rules and case law (the "Applicable Rules"). As more specifically set forth herein, Defendant responds to the interrogatories and/or requests based on its obligations under the Applicable Rules.

2.     Defendant objects to the interrogatories and/or requests to the extent that they seek production of "all" documents or "all" communications on the grounds that: (a) it is impractical and unduly burdensome to attempt to collect, review, and produce "all" such documents; and (b) Defendant cannot ensure that it has located every document or communication in response to a particular interrogatory or request. Defendant will produce responsive, non-privileged documents, if any, collected and reviewed pursuant to reasonable discovery parameters that Defendant will utilize for the collection and review of documents (including sources, document custodians, search criteria, date ranges, metadata, collection of electronically stored information, and deduplication) (the discovery parameters so utilized, the "Discovery Parameters"). Defendant is prepared to meet and confer with Plaintiff regarding any potential issues arising under the Discovery Parameters.

3.     Defendant objects to the interrogatories and/or requests to the extent that they call for the disclosure of information that is privileged or otherwise protected from discovery on any

ground, including, but not limited to, the attorney-client privilege, work-product immunity, business strategy immunity, spousal privilege, and any other recognized privileges, immunities, protections, or exceptions (collectively, "Privileged Information"). Any response herein to the effect that Defendant will produce "non-privileged Documents or Communications" (or similar phrasing) means that Defendant will produce the specified documents to the extent that they do not contain Privileged Information. Defendant does not intend to produce Privileged Information, and any inadvertent disclosure of documents or information containing Privileged Information shall not be deemed, nor is it intended, to constitute a waiver of the attorney-client privilege, work-product immunity, business strategy immunity, or any other applicable privilege, immunity, protection, or exception.

4.      Defendant objects to the interrogatories and/or requests to the extent that they seek confidential, sensitive, and/or proprietary information or documents, including information or documents subject to confidentiality agreements with third parties, the disclosure of which could be detrimental to the interests of Defendant and/or third parties.

5.      Defendant objects to the interrogatories and/or requests to the extent that they purport to impose an obligation on Defendant to produce documents that are not in its possession, custody, or control. To the extent Defendant agrees to produce documents in response to an interrogatory and/or request, Defendant will produce only documents within their possession, custody or control.

6.      Defendant objects to the interrogatories and/or requests insofar as they incorporate purported facts. Nothing in these Objections and Responses shall be deemed, nor is it intended, to mean that Defendant adopts, acquiesces in, or otherwise accepts the way in which the interrogatories and/or requests describe or characterize the facts, circumstances, subject matter, or

events discussed. While Defendant may use certain of the interrogatories and/or requests defined terms in their responses, such usage is solely for convenience and does not constitute an endorsement of or agreement to any purported facts stated or implied by the defined terms.

7.    Defendant objects to the interrogatories and/or requests insofar as they require Defendants to form a legal conclusion to provide a response.

8.    Any statement by Defendant that it will produce documents in response to an interrogatory and/or request is not to be construed as an admission that any document exists within any requested category or categories and is in the possession, custody, or control of Defendant, but solely a statement that Defendant will produce (subject to and consistent with the General Objections and the Specific Objections set forth herein) non-privileged, responsive documents within their possession, custody, or control, should such documents exist, that Defendant identifies based on a reasonable search pursuant to the Discovery Parameters.

9.    The responses set forth below are based upon information presently known to Defendant, who reserves the right at any time to supplement, amend, revise, correct, and/or clarify these Objections and Responses.  Moreover, should Defendant at any time supplement or amend his or its responses to these interrogatories and/or requests, by agreement or otherwise, Defendant expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

10.    Nothing in these Objections or Responses is intended as a waiver or limitation of Defendant's right to object, on any grounds and in any proceeding, to the use of any information or documents produced in response to or referred to in these Objections and Responses.

11.    Unless otherwise specified in the General Objections, Defendant does not intend to withhold documents responsive to any interrogatory and/or request on the basis of any General

Objection unless and except to the extent otherwise set forth in the Specific Objections to that interrogatory and/or request.  Defendant is willing to meet and confer about any of its General Objections and Specific Objections to any Request.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:**        Please state your full name, address, social security number, phone numbers, color, national origin and marital status.

**OBJECTION:**        As to social security number, phone numbers, color, national origin, and marital status, the Interrogatory seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows: Corporal Matthew Foreman, c/o Ocean City Police Department, 6501 Coastal Highway, Ocean City, Maryland, 21842.

**INTERROGATORY NO. 2:**        Describe your educational background. Include in your answer the highest grade you completed; the name and date of any degree, diploma, or certificate you received, and the name of the institution conferring the degree, diploma or certificate; and any specialized training you have received.

**OBJECTION:**        Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows: I graduated from Middletown Area Highschool in 1999. I then attended Harrisburg Area Community College, majoring in criminal justice. After two years of same, I transferred to Indiana University of Pennsylvania in 2001, transferring my major to criminology and minoring in political science. I received a bachelor's degree from same in 2004 and subsequently attended the police academy at Wor-Wic Community College. I graduated from the academy in June of 2005. While employed with the Ocean City Police Department, I also took two online equestrian courses in 2020.

**INTERROGATORY NO. 3:**        Please describe your employment history prior to your employment by the Ocean City Police Department, stating the name of the employer, your occupation, dates of employment and reason for leaving the employment, if applicable.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows: I was a server for Applebee's Restaurant for approximately 6 months in 1999. From 2000 – 2002, I worked as a plain clothes security guard for Booth Security, LLC, a loss prevention agency.  In May of 2002, I began my employment with the Ocean city Police Department.

**INTERROGATORY NO. 4:**       Please state if you ever received any disciplinary action

from any of your prior employers identified above. If your answer is in the affirmative, please

state the basis for the disciplinary action and the discipline imposed on you.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 5:**       Please describe in detail all the training you received from

the Ocean City Police Department before the commencement of your employment with the

Ocean City Police Department.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows:  I did not receive any training from the Ocean City Police Department before the commencement of my employment with same. Since my employment, however, I have undergone and passed police academy training as well as numerous other trainings as set forth in the Ocean City Police Employee Profile and certificates of completion provided hereto. Further, in addition to attending and passing the police academy training (which covered anti-discrimination and constitutional law among other things) at the outset of my employment with the Ocean City Police Department, I also underwent approximately two to three weeks of field training with a senior officer before being authorized to patrol without such supervision.

**INTERROGATORY NO. 6:**       Please describe any mandatory anti-discriminatory training

you received from the Ocean City Police Department, if any.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**    Subject to and without waiving the forgoing objection(s), Defendant states as follows: See my Ocean City Police Employee Profile and certificates of completion provided

6

hereto. All trainings that I have completed while employed by the Ocean City Police Department are deemed mandatory by the Ocean City Police Department. Further, I also received anti-discriminatory and constitutional law training in the police academy at the outset of my employment with the Ocean City Police Department. Trainings that I have completed that are pertinent to this interrogatory include: 1) Anti-Bias Training; 2) Victimology – Hate Crimes, Bias and & Delinquent Acts; 3) Challenging our Implicit Bias; 4) Constitutional Law Review; and 5) Constitutional Issues in Law Enforcement.

**INTERROGATORY NO. 7:**          Please describe any training on constitutional and legal

rights of the members of the public you received from the Ocean City Police Department, if any.

**OBJECTION:**          Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: See my Answer to Interrogatory No. 5 and 6.

**INTERROGATORY NO. 8:**          Please describe fully all instructions you received from the

Ocean City Police Department on how to handle arrests without warrants including (a) whether

such instructions are oral or written, (b) the substance of the instructions and (c) identify the

person(s) giving the instructions.

**OBJECTION:**          Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: See Order No. 600 A-1, Warrantless Arrests. Instructions provided by the Ocean City Police Department to its officers are as detailed in the contents of said Order as well as any other applicable state and federal laws.

**INTERROGATORY NO. 9:**          Please state when you started working with your police

horse Moose and all training you received regarding handling Moose.

**OBJECTION:**          Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**     Subject to and without waiving the forgoing objection(s), Defendant states as follows: I began working with Moose on or about the beginning of 2021 year after I first completed of a month of private lessons in 2021. Subsequent to same, I then worked with trainers in the mounted unit of the Ocean City Police Department for approximately four months (which concluded in May of 2021). Moose and I worked together through the 2021 summer

season as part of the mounted patrol division. We were on patrol three to four times a week. Once in the 2021 offseason, Moose and I continued to train and work together three to four times a week. It is required that Moose (as well as any other horses of the mounted patrol unit) be regularly exercised and trained. In May of 2022, Moose and I completed and passed our annual in-service training regarding equestrian equitation (the practice of riding and horsemanship). Said in-service training included an annual course that Moose must complete and pass. Said course includes, but is not limited to Moose listening to the following instructions on command: trotting; a pop-up from a sitting position; making tight circles; cantering; cone serpentines; one handed riding; and sensory obstacles. This in-service training/course is in addition to the weekly constant training that Moose and I undergo together. Of note, only one in approximately fifteen horses are eligible to be part of the mounted unit of the Ocean City Police Department. Further, in 2021 and 2023, I received certificates of completion of training from the North American Police Equestrian Council.

**INTERROGATORY NO. 10:**      Please describe in detail the events leading to Plaintiff's

arrest forming the basis of this action.

**OBJECTION:**      None.

**ANSWER:**      On July 1, 2022 at approximately 2:33 am. I, Corporal Matthew Foreman was on uniform mounted patrol on my police horse, "Moose" in the area of the 10 block of Wicomico Street Ocean City, Worcester County, Maryland. I noticed loud music coming from a vehicle that was parked in the 10 block of Wicomico Street.

This music could be heard from over 2 blocks away. I approached the vehicle and addressed the music. Once the music was turned down, I spoke with the individuals around the vehicle and advised them of the noise ordinance. One of the individuals (later identified as Reniel Adrian Meyler D.O.B. 02/16/1991 while in Booking at the Ocean City Police Public Safety Building) started to make clicking and hissing noises at Moose. I advised Meyler to stop interfering/antagonizing my police horse, Moose.

Meyler continued to make clicking noises at Moose. Moose started to move and look around due to the distraction. Mounted officers use these types of cues to communicate with their horses. Different types of clicks and kissing sounds are used for many different commands. They can be used to make the horse move forwards, backwards, and side-to-side. They are also used to get the horses attention, so that they are on the look-out for obstacles that they may need to maneuver around or over, (Steps, curbs, wholes, debris).

I advised Meyler multiple times to stop making those noises. Moose continued to move and look around. Meyler looked at Moose, smirked and started to make the clicking noise. I was in close proximity of Meyler and a vehicle. Meyler's actions could have caused Moose to injure him or damage property. I advised officers on scene to place Meyler under arrest. Officer Norris placed Meyler in handcuffs which were gauged and double locked. I placed Meyler under arrest for failing to obey a lawful order and interfering with a police animal. Officer Widmer transported Meyler to the Ocean City Public Safety Building for processing.

All of the above events occurred in Ocean City, Worcester County, Maryland.

In further response, Defendant refers Plaintiff to the videos being produced herewith.

**INTERROGATORY NO. 11:**       Please state in detail what public peace would be disturbed

by Plaintiff making clicking noises as you claimed leading to Plaintiff's arrest.

**OBJECTION:**       Improperly seeks opinion, legal conclusions, or legal arguments, rather
than facts.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as
follows: Plaintiff Meyler was one of the individuals near/around a vehicle playing loud music at
the 10 block of Wicomico Street in Ocean City, at approximately 2:30 a.m., on July 1, 2022.
After I arrived at the scene mounted on Moose, Meyler began making clicking and hissing noises
at Moose. I advised Meyler to stop interfering with and antagonizing Moose. Meyler continued
to make clicking noises at Moose. Moose started to move and look around due to the distraction.
Based on my experience, training, and knowledge, I believed in good faith that Meyler's
disruptive actions – which were causing Moose to move and look around and which continued
after I told Meyler multiple times to stop – could have caused Moose to become injured, to injure
me and/or other persons, or to damage property.

**INTERROGATORY NO. 12:**       Apart from the Plaintiff's case, please identify all occasions

when your police horse Moose has become agitated by someone whistling or making clicking

noises such as the one made by Plaintiff in this case.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to
lead to the discovery of relevant and admissible evidence.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as
follows: Other than during training, Moose has never become agitated by someone whistling or
making clicking noises towards him (other than by Plaintiff). Upon any other instance whereby
someone whistled or clicked towards Moose, said individual immediately stopped upon being
told to stop by Foreman. Unlike any other incident, here, Plaintiff continued to make said noise
towards Moose after being told repeatedly by Foreman to refrain from such action. That repeated
action, in violation of Foreman's order to stop, agitated Moose.

**INTERROGATORY NO. 13:**       Apart from the Plaintiff, please state if you ever had any

person arrested for interfering with police animal and if so, please identify all such persons and

the dates of the arrests, if any.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to
lead to the discovery of relevant and admissible evidence.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as follows: There have been three prior incidents where I have arrested individuals for interfering with a police animal: 1) Walter Leslie Everett, date of arrest – 9/17/2021; 2) Eduardo Nurez Rodriguez, date of arrest – 6/4/2022; and 3) George Andrew Hicks, date of arrest – 6/10/2022.

**INTERROGATORY NO. 14:**   Apart from the Plaintiff, please state if you ever had any

person prosecuted for interfering with police animal and if so, please identify all such persons

and the dates of the prosecution, if any.

**OBJECTION:**   Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as follows: See my Answer to Interrogatory No. 13. Further, I am not involved in the prosecution of anyone once they are arrested. Election to prosecute in this jurisdiction is the role of the Worcester County States Attorney's Office.

**INTERROGATORY NO. 15:**   Identify any complaint of false arrest, false imprisonment,

malicious prosecution, battery, assault or violations of 42 U.S.C. § 1983 that have been made

against you by stating the date of the complaint, the name, address and telephone number of the

person who made the complaint against you and the current status of each complaint.

**OBJECTION:**   Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Further, the request is vague and unclear as to what information is being sought.

**INTERROGATORY NO. 16:**   Identify all civil suits, and any other judicial or

administrative complaint against you for false arrest, false imprisonment, malicious prosecution,

battery, assault violations of 42 U.S.C. § 1983 including stating the forum of the case, the basis,

and the charge and/or case numbers.

**OBJECTION:**   Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**ANSWER:**   Subject to and without waiving the forgoing objection(s), Defendant states as follows: There are none.

**INTERROGATORY NO. 17:**   Please state in detail all the defenses claimed by you  in this

case including (a) the  substance of each such defense and (b) all facts in support of such

contention.

**OBJECTION:**        Improperly seeks legal conclusions and/or legal arguments, rather than facts.

**ANSWER:**    Subject to and without waiving the foregoing objection(s), Defendant states as follows: The affirmative defenses asserted by Defendant are as asserted in Defendants' Answer to the Complaint. In further response, Defendants did not commit any civil or other wrongs against Plaintiff in connection with or by virtue of his arrest, and there is no factual or legal basis for Plaintiff's claims against Defendants.

**INTERROGATORY NO. 18:**        Regarding the prior action which Plaintiff alleges to have

been maliciously prosecuted, please describe your participation in the prosecution.

**OBJECTION:**        Vague and unclear as to what information is being sought, in particular, what Plaintiff means by "participation."

**ANSWER:**    Subject to and without waiving the foregoing objection(s), Defendant states as follows: Defendant was the complainant and participated in the arrest and detention of Plaintiff. Plaintiff was prosecuted by the Worcester County State's Attorney's Office.

**INTERROGATORY NO. 19:**        If you intend to rely upon any documents or other tangible

things to support a position that you have taken or intend to take in the action, including as to any

claim for damages, provide a brief description, by category and location, of all such documents

and other tangible things, and identify all persons having possession, custody, or control of them.

**OBJECTION:**        None.

**ANSWER:**    See documents produced herewith.

**INTERROGATORY NO. 20:**        If any person carrying on an insurance business might be

liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or

reimburse for payments made to satisfy the judgment, identify that person, state the applicable

policy limits of any insurance agreement under which the person might be liable, and describe

any question or challenge raised by the person relating to coverage for this action.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence. Improperly seeks legal conclusions as to indemnification obligations of the Town of Ocean City, as to liabilities of its police officers named in this action.

**ANSWER:**       Subject to and without waiving the forgoing objection(s), Defendant states as follows: Defendant Ocean City is self-insured for tort claims up to a $250,000.00 limit. Ocean City has excess coverage above that threshold. The excess carrier is States Self-Insurance Risk Retention Group, 222 S. 9th Street #2700, Minneapolis, MN 554042.

**INTERROGATORY NO. 21:**       Identify each bank account, building and loan account, credit union, checking accounts, or other accounts of money on deposit in which you now have, or, in the past ten (10) years had any interest, either alone or together with others or in another name, giving type and number of the account, the name and address of the depository and the name and address of any other person or persons who have or had any interest in same, and the nature and extent of that interest, together with the date that each account was opened.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 22:**       List each item of real property in which you have or have had any interest. For each item listed, state how it is titled, its value, the amount of any present lien or mortgage on the property, the date of acquisition of the property, and the identity of any other person with an interest in the property.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 23:**       List each item of personal property in which you have any interest. For each item listed, state how it is titled, its value, the amount of any present lien or mortgage on the property, the date of acquisition of the property, and the identity of any other person with an interest in the property.

**OBJECTION:**       Seeks information that is not relevant, and it is not reasonably tailored to lead to the discovery of relevant and admissible evidence.

**INTERROGATORY NO. 24**:        State what your net worth is and identify what documents

you have referred to or relied upon to make this calculation.

**OBJECTION:**        Seeks information that is not relevant, and it is not reasonably tailored to
lead to the discovery of relevant and admissible evidence.

                                        AYRES, JENKINS, GORDY & ALMAND, P.A.


                                        By:        */s/ Bruce F. Bright*
                                                _____
                                                Bruce F. Bright (#27236)
                                                6200 Coastal Hwy., Suite 200
                                                Ocean City, Maryland 21842
                                                Tel: 410-723-1400
                                                Fax: 410-723-1861
                                                bbright@ajgalaw.com
                                                *Attorneys for Defendants*

I DO SOLEMNLY DECLARE AND AFFIRM UNDER PENALTIES OF PERJURY THAT THE ANSWERS TO THE FOREGOING INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Corporal Matthew Foreman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of June, 2023, a copy of the foregoing

Defendant Corporal Matthew Foreman's Objections and/or Answers to Plaintiff's Interrogatories

was served via e-mail and first class mail, postage prepaid, on: Fatai A. Suleman, Esq., FAS Law

Firm, LLC, 7501 Greenway Center Drive, Suite 230, Greenbelt, Maryland, 20770.

_____*/s/ Bruce F. Bright*_____
Bruce F. Bright